412 So.2d 357 (1982)
John SIMMONS, Manny Tortora, W.C. Knuck, Steve Lombardi, and Wayne Opperman, Appellants,
v.
The DIVISION OF PARI-MUTUEL WAGERING, DEPARTMENT OF BUSINESS REGULATION, State of Florida, Appellees.
No. 61643.
Supreme Court of Florida.
March 25, 1982.
Elizabeth J. du Fresne of du Fresne & du Fresne, Miami, for appellants.
Janice G. Scott, Staff Atty., Dept. of Business Regulation, Division of Pari-Mutuel Wagering, Tallahassee, for appellees.
PER CURIAM.
This cause is before the Court on appeal of a decision of the district court of appeal that held a portion of a state statute unconstitutional. *358 Simmons v. Division of Pari-Mutuel Wagering, 407 So.2d 269 (Fla. 3d DCA 1981). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellants contend that the district court erred not in finding one clause of section 550.241(1), Florida Statutes (Supp. 1980),[1] unconstitutional, but in upholding the remainder of the statute against appellants' challenges on various grounds.
The district court found the broad prohibition against racing an animal while there *359 is in the animal's body "any substance which is foreign to the natural horse or dog," unconstitutional for not being rationally related to the objectives of the statute. § 550.241(1), Fla. Stat. (Supp. 1980). The court upheld the remainder of the statute, prohibiting the administering to racing animals of "any drug, medication, stimulant, depressant, hypnotic, narcotic, local anesthetic, or drug-masking agent." Id. We affirm the district court's decision and adopt the reasoning expressed in the district court's opinion.
Accordingly, we hold that the clause, "any substance which is foreign to the natural horse or dog," as it appears twice in section 550.241, lacks a rational basis and is unconstitutional and void. The remainder of the provisions of the challenged statute are constitutional and are hereby upheld for the reasons stated by the district court of appeal.
The decision appealed is affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] Chapter 80-270, Laws of Florida, amended section 550.24 and enacted section 550.241, Florida Statutes (Supp. 1980):

550.24 Conniving to prearrange result of race; using medication or drugs on horse or dog; penalty. 
(1) Any person who shall influence or have any understanding or connivance with any owner, jockey, groom, or other person associated with or interested in any stable, kennel, horse or dog or race in which any horse or dog participates, to prearrange or predetermine the results of any such race, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who attempts to affect the outcome of a horserace or dograce through administration of medication or drugs to a race animal as prohibited by law; who administers any medication or drugs prohibited by law to a race animal for the purpose of affecting the outcome of a horserace or dograce; or who conspires to administer or to attempt to administer such medication or drugs is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
550.241 Racing of animals under certain conditions prohibited; penalties. 
(1) The racing of an animal with any drug, medication, stimulant, depressant, hypnotic, narcotic, local anesthetic, or drug-masking agent or any substance which is foreign to the natural horse or dog is prohibited. It is a violation of this section for a person to administer or cause to be administered any drug, medication, stimulant, depressant, hypnotic, narcotic, local anesthetic, or drug-masking agent or any substance which is foreign to the natural horse or dog to an animal which will result in a positive test for such substance based on samples taken from the animal immediately prior to or immediately after the racing of that animal. Rules may be promulgated which identify:
(a) Unacceptable levels of substances existing naturally in the untreated dog or horse but at abnormal physiological concentrations; or
(b) Acceptable levels of trace elements or innocuous substances in test samples.
(2) Administrative action may be taken by the division against occupational licensees responsible pursuant to rule of the division for the condition of animals which have been impermissibly medicated or drugged in violation of this section.
(3)(a) Upon the finding of a violation of this section, the Division of Pari-mutuel Wagering may revoke or suspend the license or permit of the violator or deny a license or permit to the violator; impose a fine against the violator in an amount not to exceed $5,000; require the full or partial return of the purse, sweepstakes, and trophy of the race at issue; or impose against the violator any combination of such penalties. The finding of a violation of this section shall in no way prohibit a prosecution for criminal acts committed.
(b) The division, notwithstanding the provisions of chapter 120, may summarily suspend the licenses of occupational licensees responsible under this section or division rule for the condition of race animals if the division laboratory reports the presence of an impermissible substance in the animal or its blood, urine, saliva, or any other bodily fluid, either before a race in which the animal is entered or after a race the animal has run.
(c) If an occupational licensee is summarily suspended under this section, the division shall offer the licensee a prompt postsuspension hearing within 72 hours, at which the division shall produce the laboratory report and documentation which, on its face, establishes the responsibility of the occupational licensee. Upon production of the documentation, the occupational licensee shall have the burden of proving his lack of responsibility.
(d) Any proceeding for administrative action against a licensee or permittee, other than a proceeding under paragraph (c), shall be conducted in compliance with chapter 120.
(4) Prosecution pursuant to this section for a violation of this section shall be commenced within 2 years after the violation was committed. Service of an administrative complaint marks the commencement of administrative action.
(5) All moneys recovered for violations of this section shall be kept in a separate fund to be known as the "Research Trust Fund" and shall be used for research relating to the medication of racing animals. The fund shall be supervised and used by the Division of Pari-mutuel Wagering to contract with a reputable college or school of veterinary medicine or its designee in accordance with this subsection.
(6) The Division of Pari-mutuel Wagering shall adopt and enforce rules to implement this section.